NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0370n.06

No. 12-4365

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ROBERT WINSTON, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE NORTHERN DISTRICT OF |
| TIMOTHY BRUNSMAN, | ) OHIO |
| | ) |
| Respondent-Appellee. | ) |
| | ) |
| | ) |

BEFORE: BATCHELDER, Chief Judge; BOGGS and WHITE, Circuit Judges.

PER CURIAM. Robert Winston, an Ohio prisoner represented by counsel, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. We affirm.

In 2009, a jury in the Summit County Court of Common Pleas convicted Winston of kidnapping, two counts of rape, aggravated burglary, gross sexual imposition, two counts of domestic violence, and menacing by stalking. (Journal Entry, RE 8-4, Page ID # 84-85). The trial court sentenced Winston to a total of sixteen years of imprisonment. (Journal Entry, RE 8-6, Page ID # 87-90). Winston's convictions and sentence were affirmed on direct appeal. *State v. Winston*, No. 24761, 2010 WL 1227704 (Ohio Ct. App. Mar. 31, 2010), *appeal dismissed*, 928 N.E.2d 739 (Ohio 2010).

Winston applied to reopen his appeal pursuant to Ohio Rule of Appellate Procedure 26(B), claiming ineffective assistance of appellate counsel. (Application to Reopen Appeal, RE

8-17, Page ID # 292-410). Winston asserted in relevant part that his appellate counsel rendered ineffective assistance by failing to raise both the trial court's denial of his request to proceed pro se and its failure to hold a hearing on his request. (*Id.*). The Ohio Court of Appeals denied Winston's application for reopening, concluding that his request to represent himself, made at the close of the state's case, was untimely and that his appellate counsel "was not ineffective for declining to raise the issue" on appeal. (Journal Entry, RE 8-19, Page ID # 415). The Ohio Supreme Court denied leave to appeal. *State v. Winston*, 935 N.E.2d 856 (Ohio 2010).

Winston then filed the instant habeas petition, asserting as grounds for relief the trial court's denial of his request to proceed pro se and his appellate counsel's failure to raise this issue on direct appeal. (Petition, RE 1, Page ID # 1-17). A magistrate judge recommended that the habeas petition be denied on the basis that the Ohio Court of Appeals did not unreasonably apply federal law in determining that Winston's right to self-representation was not violated where his request to represent himself was untimely and equivocal. (Report & Recommendation, RE 11, Page ID # 1755-56). Over Winston's objections (Objections, RE 12, Page ID # 1757-64), the district court adopted the magistrate judge's report and recommendation and denied the habeas petition. (Memorandum Opinion, RE 13, Page ID # 1765-72; Judgment, RE 14, Page ID # 1773). Winston appealed (Notice of Appeal, RE 15, Page ID # 1774-75), and this court granted a certificate of appealability.

We review de novo the district court's denial of Winston's habeas petition. *Amos v. Renico*, 683 F.3d 720, 726 (6th Cir.), *cert. denied*, 133 S. Ct. 664 (2012). Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant habeas relief with respect to a claim that was adjudicated on the merits in a state court proceeding only if the state court's adjudication resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).[1]

In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court recognized a defendant's Sixth Amendment right to self-representation. *Id*. at 818-32. That right, however, "is not absolute." *Martinez v. Court of App. of Cal.*, 528 U.S. 152, 161 (2000). The defendant must voluntarily and intelligently elect to conduct his own defense and most courts require defendants to assert the right to self-representation in a timely manner. *Id.* at 162.

The Ohio Court of Appeals concluded that Winston's request to represent himself was untimely. (Journal Entry, RE 8-19, Page ID # 415). On the fourth day of trial, after the state had rested its case, Winston requested appointment of new counsel. (Trial Transcript, RE 8-31, Page ID # 848-49). When the trial court denied his request, stating that "change of counsel can't happen in the middle of trial," Winston asked to represent himself. (*Id*. Page ID # 850). The trial court denied Winston's request: "We've started down the road with counsel, and this Court is not going to change course at this juncture." (*Id*. Page ID # 853).

Relying on this court's decision in *Moore v. Haviland*, 531 F.3d 393 (6th Cir. 2008), Winston contends that a request to proceed pro se can be timely even when it is made during trial. In *Moore*, however, the petitioner's "requests were not rejected for untimeliness, either at trial or by the state appellate court." *Id*. at 403. Here, the Ohio Court of Appeals determined that Winston's request to proceed pro se was untimely. (Trial Transcript, RE 8-31, Page ID # 853; Journal Entry, RE 8-19, Page ID # 415). The *Moore* court went on to state: "We have no

---

[1] We decline to address respondent's argument that Winston procedurally defaulted his claims. *See Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) (observing that "[b]ecause we must reach the merits of whether trial counsel were ineffective in order to dispose of Mahdi's claim that his appellate counsel were ineffective, we decline to address whether Mahdi's claim of ineffectiveness of trial counsel is procedurally defaulted. Indeed, this court has held that 'federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits.'").

quarrel of course with the notion that a defendant's invocation of the right of self-representation must be timely—but here it was not until the trial was well under way that Moore's grounds for dissatisfaction with counsel's representation arose—and he then acted swiftly." 531 F.3d at 403. The record does not reflect Winston's specific grounds for dissatisfaction with his counsel, but does reflect that he first requested different counsel several weeks before. Winston's request for self-representation came during a colloquy with the trial court after he again asked for substitute counsel and was denied. His only explanation for his request to represent himself mid-trial was that "the officers that the prosecutors brought up as witnesses yesterday committed perjury, and I'm aware of that, and I have proof that they committed perjury." (Trial Transcript, RE 8-31, Page ID # 850-54).

The Ohio Court of Appeals did not unreasonably apply *Faretta* in concluding that Winston's request to represent himself was untimely. Nor did the Ohio Court of Appeals unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that Winston's appellate counsel was not ineffective because the underlying self-representation claim lacked merit. *See Moore v. Mitchell*, 708 F.3d 760, 777-78 (6th Cir.), *cert. denied*, 134 S. Ct. 693 (2013). Accordingly, we affirm the district court's denial of Winston's habeas petition.